# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00432-CR

**Billjames P. Duenas a/k/a KCLUVKAT_99, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 55310, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Billjames P. Duenas pleaded guilty to criminal solicitation of a minor. *See* Tex. Pen. Code Ann. § 15.031(b) (West 2003). The court adjudged him guilty and imposed a fourteen-year prison sentence.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief responding to counsel's brief.

Randy Watkins testified that, while employed by the Texas Attorney General's cyber crimes unit, he created two false internet identity profiles: "ashleythompson13" and "beckythomas13." Both profiles purported to be thirteen-year-old girls from San Marcos. Using these profiles, Watkins entered an internet chat room established for the Austin area. There, he was contacted by "kcluvkat_99," which was shown to be appellant's internet name. The resulting internet conversations were automatically archived by the internet service, and transcripts of the conversations were introduced in evidence. These transcripts support a finding beyond a reasonable doubt that appellant, with the intent to commit aggravated sexual assault, attempted to induce a person he believed to be younger than seventeen years of age to engage in sexual intercourse that, under the circumstances as appellant believed them to be, would constitute aggravated sexual assault. *See* Tex. Pen. Code Ann. § 15.031(b). Appellant was arrested outside a San Marcos restaurant where he had arranged to meet "ashleythompson13."

Appellant's primary contention is that he was entrapped. *See* Tex. Pen. Code Ann. § 8.06 (West 2003). He did not raise this defense below, however, and there is no evidence before us that Watkins did more than merely afford appellant an opportunity to commit the offense.

Watkins testified to certain incriminating statements made by appellant following his arrest. Appellant complains that he had not been advised of his rights when these statements were made. Appellant did not object to this testimony and therefore did not preserve this contention for appeal. Moreover, Watkins testified without contradiction that appellant had been advised of his rights.

Appellant asserts that Watkins's testimony was not corroborated. *See* Tex. Pen. Code Ann. § 15.031(c). This subsection does not apply here because Watkins is not a minor.

Finally, appellant urges that he should have been tried in Hays County. Although he was arrested there, the evidence shows that appellant and his computer were in Bell County when he engaged in the internet chat that was the basis of this prosecution. Venue was properly set in Bell County. *See* Tex. Code Crim. Proc. Ann. art. 13.18 (West 1977).

We have reviewed the record, counsel's brief, and the pro se brief. We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: February 3, 2005

Do Not Publish

3